IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>KENNETH A. GUERETTE, JR., ET AL.,<br><br>      Defendants.<br><br>SUSANNA LOUISA JONES-HART,<br><br>      Cross-claim Plaintiff,<br><br>  vs.<br><br>KENNETH A. GUERETTE, JR.,<br><br>      Cross-claim Defendant. | Civ. No. 09-00133 ACK-KSC |

**ORDER GRANTING THE UNITED STATES'S MOTION, JONES-HART'S JOINDER IN THAT MOTION, AND THE COMMISSIONER'S MOTION**

**BACKGROUND**[1/]

This foreclosure action is based on a mortgage executed by Defendant Kenneth A. Guerette, Jr. ("Guerette") on property located at 94-860 Lumiholoi Street, Waipahu, Hawai'i 96797, and having the Tax Map Key No. (1) 9-4-042-064-000 ("Mortgaged Property").

---

[1/] Because the parties and the Court are familiar with the factual and procedural background of this case, the Court will discuss only background that is relevant to the instant motions.

On August 13, 2010, the Court issued an order granting Plaintiff United States of America's ("United States") motion for summary judgment, interlocutory decree of foreclosure, and deficiency judgment ("8/13/2010 Order"). Doc. No. 54. The Court found that Guerette was in default under a note and mortgage that was held by the United States ("United States Note") and a note and mortgage that was held by Defendant Susanna Louisa Jones-Hart ("Jones-Hart" and "Jones-Hart Note"). 8/13/2010 Order at 1-11, 27. The Court appointed Lyle Hosoda, Esq., as the commissioner ("Commissioner") to oversee the sale of the Mortgaged Property. 8/13/2010 Order at 28-29.

The Commissioner's Report ("Report"), filed on December 7, 2010, describes how the Commissioner discharged his duties in this matter. Doc. No. 60. The Commissioner visited the Mortgaged Property on September 14, 2010, and found it difficult to inspect the property due to the amount of personal belongings there and the presence of dogs. Report at 2. Citing such concerns about the property, on September 21, 2010, the Commissioner filed a motion to hold the foreclosure sale without first holding open houses. Doc. No. 55. No party objected, and the Court granted the Commissioner's motion on September 27, 2010. Doc. No. 56.

On October 11, 2010, the Commissioner mailed Guerette a letter asking him to vacate the Mortgaged Property by October 27,

2010, as contemplated by the 8/13/2010 Order.[2/]  Report at 4;
Report Ex. C.  After Guerette subsequently asked the Commissioner
for additional time to vacate, the Commissioner extended the
deadline to November 20, 2010.  Report at 4; Report Ex. D.
Although the Commissioner sent Guerette a letter on November 22,
2010, reminding him that the deadline to vacate had passed, the
Commissioner believes that Guerette still remains in possession
of the Mortgaged Property.  Report at 4; Report Ex. E.

Pursuant to the 8/13/2010 Order, the Commissioner
established December 1, 2010, at 12:00 p.m., at the United States
District Court, Honolulu, Hawai'i, as the date, time, and place
for the public auction of the Mortgaged Property.  Report at 2.
For four consecutive weeks beginning on October 17, 2010, the
Commissioner published in the Honolulu Star-Advertiser a Notice
of Foreclosure regarding this auction.  Id. at 3.  The auction
took place at the scheduled time and place,[3/] and the United

---

[2/] The 8/13/2010 Order provides that "[a]ll persons occupying the Mortgaged Property shall leave and vacate the property permanently within sixty (60) days of the date of this Decree, each taking with them their personal property (but leaving all improvements, buildings, and appurtenances to the property)."  8/13/2010 Order at 32.  Although this would have required Guerette to vacate by October 13, 2010, the Commissioner extended this deadline to October 27, 2010, the day when the auction was then scheduled to occur.  Report Ex. C.

[3/] After 6 p.m. on November 30, 2010, Guerette filed with the Clerk of this Court a "Request for Motion to Postpone Foreclosure Auction Date"; the Court denied this request the following day.  Doc. Nos. 57-59.

States made an opening bid of $155,000.00.  Id.  Jones-Hart made a second bid of $155,001.00, and this was the highest bid received.  Id.  According to the Commissioner's Report, $155,001.00 is a fair and reasonable bid price for the Mortgaged Property.  Id.

The Commissioner's Report prays that the Court confirm the sale of the Mortgaged Property to Jones-Hart; approve the reimbursement of the Commissioner's expenses of $1,056.94 and fees of $3,475.00; and discharge the Commissioner after he secures possession of the Mortgaged Property and distributes the proceeds of the sale as directed by the Court.  Id. at 5-6.

On December 16, 2010, the United States filed a "Motion to Approve Commissioner's Report Filed December 7, 2010 and for Confirmation of Foreclosure Sale" ("United States's Motion").  Doc. No. 61.  This motion was supported by the declaration of Sandra Luke ("Luke Decl.") and an exhibit.  On the same day, the Commissioner filed a "Motion for Writ of Possession, Judgment for Possession, and Instructions" ("Commissioner's Motion").  Doc. No. 62.  On January 10, 2011, Jones-Hart moved to join the United States's Motion ("Jones-Hart's Joinder").  Doc. No. 65.  This motion was supported by the declaration of Jones-Hart ("Jones-Hart Decl.") and an exhibit.  On January 13, 2011, Guerette filed an opposition ("Opp'n") to the United States's Motion and the Commissioner's Motion.  Doc. No. 68.

The Court held a hearing on the instant motions on January 24, 2011. At the hearing, the Commissioner informed the Court that additional bidders were present, and the Court recessed in order for the Commissioner to accept further bids. Following recess, the Commissioner stated that he had received a number of further bids, with a winning bid of $246,000.00 being made by Chad Waters, on behalf of Moku'aina Properties, LLC ("Purchaser"). The Commissioner stated that Purchaser had provided a cashier's check for the requisite down payment amount, and would be able to pay the balance of the purchase price within thirty-five days. Finally, the Commissioner recommended that the Court confirm the sale of the Mortgaged Property for the new winning bid price of $246,000.00.

On January 25, 2011, at the Court's request, the United States submitted a supplemental declaration ("Luke Supp'l Decl.") and an exhibit regarding the amount of per diem interest on the United States Note. Doc. No. 73. On the same day, Jones-Hart submitted a supplemental declaration ("Holma Decl.") and an exhibit regarding the amount of taxable attorneys' fees and costs incurred in representing Jones-Hart in this matter. Doc. No. 74.[4]

---

[4] At the January 24, 2011 hearing, Jones-Hart's counsel stated that, in light of the new winning bid amount, they now wish to seek attorneys' fees and costs pursuant to the Jones-Hart Note.

**DISCUSSION**

I.      **United States's Motion**

The United States's Motion requests that the Court approve the Commissioner's Report and confirm the foreclosure sale of the Mortgaged Property.

In particular, the United States's Motion asks the Court, <u>inter alia</u>, to: (1) confirm the sale of the Mortgaged Property for the bid price of $155,001.00;[5/] (2) approve the Commissioner's expenses of $1,056.94 and fees of $3,475.00; (3) direct that the proceeds of the sale of the Mortgaged Property be distributed to pay, respectively, taxes and assessments due to the City and County of Honolulu, Hawai'i, the Commissioner's expenses and fees, the United States's Note, and the Jones-Hart Note; (4) direct the Commissioner to transfer the Mortgaged Property's title to Jones-Hart (the costs of which will be paid by Jones-Hart); (5) direct that any personal property remaining on the Mortgaged Property be deemed abandoned and allow Jones-Hart to dispose of such property at her discretion; and (6) issue a writ of possession in favor of Jones-Hart.  United States's Motion at 1-6.

---

[5/] At the January 24, 2011 hearing, however, the United States did not oppose the Commissioner's recommendation that the Court confirm the sale of the Mortgaged Property for the new winning bid price of $246,000.00.

6

The United States's Motion and supplemental declaration also provide evidence regarding the amount of money owed on the United States Note, which, according to the United States, totals $127,809.30. See Luke Supp'l Decl. ¶¶ 2-4.[6/] First, the motion states that Guerette incurred late charges of $118.11 on various dates between April 1, 2008, and December 31, 2010. Luke Decl. ¶¶ 4-5. Second, the motion states that the United States is no longer making a claim for inspection fees. Id. ¶¶ 4, 6. Third, the motion states that the United States is owed $8,355.02 for "escrow negative balance" because there were insufficient funds in the escrow account to pay property taxes and insurance. Id. ¶¶ 4, 7. Finally, the United States's supplemental declaration states that interest is accruing under the United States Note at a per diem rate of 6%, or $16.7032. Luke Supp'l Decl. ¶ 2; Luke Supp'l Decl. Ex. A.

---

[6/] According to the United States, as of February 28, 2011 (the date set for the closing), the following amounts will be due on the United States Note:

| | |
|---|---|
| Principal Amount Due | $101,611.15 |
| Interest (04/01/08–02/28/11) | $ 17,725.02 |
| Administrative Charges: | |
| Late Charges | $    118.11 |
| Escrow Negative Balance Due | $  8,355.02 |
| **TOTAL DUE** | **$127,809.30** |

See Luke Supp'l Decl. ¶¶ 2-4.

**II.     Jones-Hart's Joinder**

Jones-Hart's Joinder requests, for the reasons stated in the United States's Motion, that the Court approve the Commissioner's Report and confirm the foreclosure sale.[7/] Jones-Hart's Joinder at 2. This joinder motion also provides evidence regarding the amount of money owed on the Jones-Hart Note, which, according to Jones-Hart, totals $63,739.53. Id. at 2-3; Jones-Hart Decl. ¶¶ 3-10.[8/] In particular, the joinder motion states that pursuant to the 8/13/2010 Order, Jones-Hart has re-calculated the interest due on her note as simple interest (rather than compounding interest), which accrued at 7.0% per annum until February 28, 2009, and at 18.0% per annum thereafter. Jones-Hart's Joinder at 3 & n.3; Jones-Hart Decl. ¶¶ 5, 9; Jones-Hart's Joinder Ex. A. The joinder motion also states that interest shall continue to accrue at a per diem rate of $18.69

---

[7/] At the January 24, 2011 hearing, however, Jones-Hart did not oppose the Commissioner's recommendation that the Court confirm the sale of the Mortgaged Property for the new winning bid price of $246,000.00.

[8/] According to Jones-Hart, as of January 10, 2011, the following amounts were due on the Jones-Hart Note:

| | |
|---|---|
| Principal | $ 40,108.96 |
| Interest (01/01/09-01/10/11) | $ 13,614.79 |
| Administrative Charges: Late Fee | $ 10,015.78 |
| **TOTAL DUE** | **$ 63,739.53** |

Jones-Hart's Joinder at 2-3; Jones-Hart Decl. ¶ 10.

until a final judgment is entered against Guerette.[9/]  Jones-Hart's Joinder at 3; Jones-Hart Decl. ¶ 11.  Finally, Jones-Hart's supplemental declaration states that Jones-Hart's attorneys have incurred $18,568.58 in taxable attorneys' fees and $799.65 in taxable costs (for a total of $19,368.23) in representing Jones-Hart in this matter.  Holma Decl. ¶¶ 7-15; see also Holma Decl. Ex. 1.

III.     **Commissioner's Motion**

The Commissioner's Motion requests that the Court issue a writ of possession and judgment for possession at the time the sale is confirmed, as the Commissioner believes that Guerette will not vacate the Mortgaged Property voluntarily.  Commissioner's Motion at 4.  This motion further requests that the Court instruct the Commissioner regarding Guerette's personal property.  Id. at 5.  The Commissioner does not believe that the sale of such property would benefit the parties, and thus recommends hiring a demolition company to clean up and haul away the property.  Id.  The Commissioner expresses no opinion as to which party should bear the expense this would entail.  Id.

---

[9/] The per diem interest rate of $18.69 reflects the Jones-Hart Note's default interest rate of 18.0%, which has applied since February 28, 2009, and, according to the Jones-Hart note, "shall be imposed and continue to accrue until such time as any monetary judgment and/or judgment of foreclosure entered in connection with the underlying debt has been paid and satisfied in full."  Jones-Hart Concise Statement of Facts ("Doc. No. 38") Ex. D, ¶ 9.3.

9

**IV.     Guerette's Opposition**

In opposition to the instant motions, Guerette describes the various difficulties he has faced during the foreclosure process. Aside from having little money and an operational car for only the past two months, Guerette has continued to suffer the effects of his diabetes and depression. Opp'n at 1-2. Guerette believes that losing the Mortgaged Property would make these issues worse. Id. at 2. Guerette also claims that he can dispose of the various paints, cleaners and "automotive stuff" at the Mortgaged Property more effectively than anyone who may be hired to perform such a job. Id. at 2-3. Finally, Guerette asserts that Jones-Hart "would rather have her money instead of dealing with this house." Id. at 3.[10]

**CONCLUSION**

Having considered the Commissioner's Report, the United States's Motion, Jones-Hart's Joinder, the Commissioner's Motion, the declarations and exhibits filed herein, the record as a whole, and oral argument, the Court makes the following findings and conclusions:

---

[10] At the January 24, 2011 hearing, Guerette requested that the Court once again postpone foreclosure proceedings so that he could attempt to obtain funds to pay off the defaulted mortgages. While the Court continues to sympathize with Guerette and his difficulties, the Court denied this request as the Court has granted Guerette numerous extensions and must consider the interests of the other parties also.

1.  Based on the Commissioner's recommendation, the Court confirms the January 24, 2011 foreclosure sale and finds that the winning bid of $246,000.00 by Purchaser is a fair and reasonable bid for the Mortgaged Property under the circumstances.  The sale of the Mortgaged Property to Purchaser for $246,000.00 is approved and confirmed.

2.  The Commissioner is authorized and directed to execute and deliver documents transferring title to the Mortgaged Property to Purchaser or Purchaser's nominee upon payment by Purchaser of the closing costs and the balance of the sale price.  Purchaser shall make such payment on February 28, 2011.  The Commissioner shall submit to the Court a proposed deed by February 18, 2011.[11/]

3.  The cost of drafting documents transferring title to the Mortgaged Property to Purchaser, notary fees, escrow fees (if any), conveyance tax, recordation fees, consent fees (if any), and title insurance (if any) shall be paid by Purchaser.

4.  The Commissioner's expenses of $1,056.94 and fees of $3,475.00 are fair and reasonable.  The Commissioner shall be

---

[11/] The Court directs the United States to file an updated title search by February 18, 2011, showing that the Mortgaged Property has been cleared of all encumbrances except the covenants, conditions, restrictions, reservations, agreements, obligations, easements and other provisions set forth in the deed dated July 6, 1979 and recorded as Document No. 967087 (and except the mortgages of the United States and Jones-Hart, which are to be paid and released at the closing on February 28, 2011).

allowed these amounts, for a total of $4,531.94. By March 4, 2011, the Commissioner shall file a supplemental request to be reimbursed for additional expenses and/or fees incurred subsequent to the filing of the Commissioner's Report.

     5. Upon closing, out of the $246,000.00 received from the foreclosure sale of the Mortgaged Property, the Commissioner shall pay, in the following priority:

     a. The sum necessary, if any, to the City and County of Honolulu, Hawai'i, to pay delinquent real property taxes and/or assessments on the Mortgaged Property, prorated to the date of closing;

     b. The sum of $4,531.94 to the Commissioner, for expenses and fees incurred in conducting the foreclosure sale;

     c. The sum of $127,809.30 to the United States (which includes interest through February 28, 2011), which the Court finds to be the amount due and payable under the United States Note;

     d. The sum of $64,636.65 to Jones-Hart (which includes interest through February 28, 2011),[12] which the Court finds to be the amount due and payable under the Jones-Hart Note. The Court also finds that Jones-Hart is entitled to reasonable

---

    [12] $64,636.65 = $63,739.53 (the amount owed under the Jones-Hart Note through January 10, 2011) + $18.69 (the per diem interest rate) × 48 (the number of days between January 11, 2011, and February 27, 2011, inclusive).

12

attorneys' fees and costs under the Jones-Hart Note.  In order to
expedite the determination of reasonable attorneys' fees and
costs, Jones-Hart shall file with the Magistrate Judge a motion
for attorneys' fees and costs by January 28, 2011 (this motion
may include the declaration and other documents submitted to the
Court on January 25, 2011).  Any objection to Jones-Hart's motion
for attorneys' fees and costs shall be filed within seven days of
the filing of Jones-Hart's motion.  The Court requests that the
Magistrate Judge decide Jones-Hart's motion within three weeks of
this Order; and

      e.  The remaining balance to the Court for further
distribution.  Out of the remaining balance, the Court will pay
the Commissioner for fair and reasonable expenses and/or fees
incurred subsequent to the filing of the Commissioner's Report
and Jones-Hart for reasonable attorneys' fees and costs.  The
Court will distribute any remaining funds to Guerette.

      6.  Upon making the conveyance of the Mortgaged
Property to Purchaser and filing the distribution statement and
account, the Commissioner shall be discharged from further duties
and responsibilities as Commissioner.

      7.  All persons occupying the Mortgaged Property shall
leave and vacate the property permanently by February 28, 2011,
the date of closing, each taking with them their personal
property (but leaving all improvements, buildings, and

appurtenances to the property). If any person continues to occupy the property after closing occurs on February 28, 2011, the Court will issue a writ of possession in favor of Purchaser or Purchaser's nominee, commanding the sheriff to remove from the Mortgaged Property any such person. If any personal property is left at the Mortgaged Property after closing occurs on February 28, 2011, such personal property will be deemed abandoned and of no value, and Purchaser or Purchaser's nominee may dispose of it at their discretion and at their expense.

8. Upon delivery to Purchaser or Purchaser's nominee of the conveyance herein authorized and directed, Guerette and all persons and parties claiming by, through, or under Guerette (and/or his wife Hilaria Mataro Guerette), shall be forever barred from any and all right, title, interest, and claims at law or in equity to the Mortgaged Property or any part thereof, and Purchaser or Purchaser's nominee shall be entitled to immediate exclusive ownership and possession of all said property.

9. The Court reserves jurisdiction to enter any such orders as may be necessary or appropriate to assist Purchaser or Purchaser's nominee to gain such possession.

10. This Order confirming the sale of the Mortgaged Property is entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as there is no just reason for delay.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, January 27, 2011.



                                                Alan C. Kay
                                                Sr. United States District Judge

United States v. Guerette, et. al., Civ. No. 09-00133 ACK-KSC: Order Granting the United States's Motion, Jones-Hart's Joinder in that Motion, and the Commissioner's Motion.