IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 09-00133 ACK-KSC |
| | ) |
|     Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
|     vs. | ) PART AND DENY IN PART |
| | ) DEFENDANT SUSANNA LOUISA |
| KENNETH A. GUERETTE, JR; | ) JONES-HART'S MOTION FOR |
| SUSANNA LOUISE JONES-HART; | ) ATTORNEYS' FEES AND COSTS |
| HOUSE OF FINANCE, INC.; | ) |
| STATE OF HAWAII; CITY AND | ) |
| COUNTY OF HONOLULU; CENTRAL | ) |
| PACIFIC BANK; JOHN DOES 1- | ) |
| 50; JANE DOES 1-50; DOE | ) |
| ENTITIES 1-50; DOE | ) |
| CORPORATIONS 1-50; DOE | ) |
| GOVERNMENTAL ENTITIES 1-50, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANT SUSANNA LOUISA JONES-HART'S
<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>

Before the Court is Defendant Susanna Louisa Jones-Hart's ("Defendant") Motion for Attorneys' Fees and Costs ("Motion"), filed January 28, 2011. On January 31, 2011, Plaintiff United States of America ("Plaintiff") filed a Statement of No Position. On February 3, 2011, Defendant filed an Amended Exhibit E, pursuant to the Court's Entering Order issued on

January 31, 2011.[1]  On February 8, 2011, Commissioner Lyle Hosoda filed a Statement of No Position.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After carefully reviewing Defendant's submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the background of this case, the Court will discuss only those facts relevant to the instant Motion.  On January 27, 2011, Senior United States District Judge Alan C. Kay issued an Order Granting the United

---

[1] The Entering Order was also meant to pertain to the request for costs.  In the future, counsel is advised to submit documentation in support of costs in a form more easily reviewable than the invoices.  It is an inefficient use of the Court's time to repeatedly review 78 pages of invoices to determine whether Defendant incurred the requested postage, courier, and copying costs.  Indeed, a thorough review of the invoices reveals that Defendant's requested costs are greater than that reflected in the invoices.

States's Motion, Jones-Hart's Joinder in that Motion, and the Commissioner's Motion ("Order"), wherein he determined that Defendant is entitled to reasonable attorneys' fees and costs under the Jones-Hart Note. Order at 12-13. Judge Kay further directed that

> In order to expedite the determination of reasonable attorneys' fees and costs, Jones-Hart shall file with the Magistrate Judge a motion for attorneys' fees and costs by January 28, 2011 (this motion may include the declaration and other documents submitted to the Court on January 25, 2011). Any objection to Jones-Hart's motion for attorneys' fees and costs shall be filed within seven days of the filing of Jones-Hart's motion. The Court requests that the Magistrate Judge decide Jones-Hart's motion within three weeks of this Order.

Id. at 13. This Motion followed.

## DISCUSSION

Defendant requests $18,568.58 in attorneys' fees and tax, and $708.15 in costs, for a total of $19,276.73. There is no opposition to the Motion. Insofar as Judge Kay has already determined that Defendant is entitled to reasonable attorneys' fees and costs under the Jones-Hart Note, all that remains for adjudication is the reasonableness of the requested

3

fees and costs.

A.   Attorneys' Fees

   1.   Calculation of Fees

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4)

>     the preclusion of other employment by the
>     attorney due to acceptance of the case,
>     (5) the customary fee, (6) whether the fee
>     is fixed or contingent, (7) time
>     limitations imposed by the client or the
>     circumstances, (8) the amount involved and
>     the results obtained, (9) the experience,
>     reputation, and ability of the attorneys,
>     (10) the "undesirability" of the case,
>     (11) the nature and length of the
>     professional relationship with the client,
>     and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating

that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendant requests the following attorneys' fees for work performed by her attorneys:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| A. Bernard Bays | 11.1 | $395.00 | $4,384.50 |
| Karin L. Holma | 3.8 | $360.00 | $1,368.00 |
| Matthew C. Shannon | 10.6 | $185.00 | $1,961.00 |
| Matthew C. Shannon | 37.7[2] | $155.00 | $5,843.50 |
| Joshua O. Weissman | 28.8 | $145.00 | $4,176.00 |
| **TAX (4.712%)** | | | $835.58 |
| **TOTALS** | 92 | | $18,568.58 |

a. <u>Reasonable Hourly Rate</u>

As noted above, Mr. Bays requests an hourly rate of $395.00; Ms. Holma requests an hourly rate of

---

[2] Based on the time sheets submitted, this number should be 37.8. On page 19 of Amended Exhibit E, Mr. Shannon's 1/9/2011 time entry total is 2.3 hours, but his itemized billing in the description reflects 2.4 hours of work.

6

$360.00; Mr. Shannon requests an hourly rate of $155.00 and $185.00; and Mr. Weissman requests an hourly rate of $145.00.  Mr. Bays has approximately 40 years of experience; Ms. Holma has approximately 20 years of experience; Mr. Shannon has approximately 2 years of experience; and Mr. Weissman was licensed in 2008.[3]

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee

---

[3] It appears that Mr. Weissman has changed the status of his license to inactive. http://www.myhsba.org/PublicDirectory/PublicDirectory.aspx?s=joshua%20weissman&m=009055

7

applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of the prevailing rates and the submissions in this case, this Court finds that the requested hourly rates for all but Mr. Weissman are excessive. The Court instead deems the following hourly rates to be reasonable: 1) Mr. Bays - $350; 2) Ms. Holma - $295; 3) Mr. Shannon - $150; and 4) Mr. Weissman - $145.

b. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,

636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

After careful review of Amended Exhibit E, which contains the time entries submitted by counsel, the Court finds that although the hours expended were largely reasonable, some deductions are necessary.

i.  Excessive/Duplicate Billing

The Court reduces counsel's hours for meetings and/or appearances for which more than one attorney

billed. The general rule is that two professionals cannot bill for attending the same meeting. <u>Brandon E. v. Dep't of Educ., State of Hawaii</u>, No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008). Thus, when a party's counsel meet with one another, the Court deducts the duplicative time billed. <u>Id.</u>; <u>In re Mullins</u>, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together). Here, the Court finds it necessary and appropriate to reduce duplicate time for conferences attended by two attorneys, and the Court reduces the time billed by the lowest-billing attorney. In addition, the Court deducts the time billed by Mr. Bays for merely attending the summary judgment hearing. The precise reductions for excessive/duplicate billing are as follows: Mr. Weissman - 0.6 hours; Mr. Shannon - 1.2 hours; and Mr. Bays - 0.6 hours.

       ii. <u>Clerical or Ministerial Tasks</u>

Several time entries reflect billing for

clerical/ministerial work and are non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). Tasks such as reviewing Court-generated notices, notifying clients of court hearings, communicating with court staff, scheduling, and corresponding about deadlines, are clerical and not compensable. Id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature); Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) (finding that tasks such as informing a client that a document has been filed or informing client of a hearing date is clerical or ministerial); Hawaii Carpenters Trust Funds v. Cosier Const., Inc., Civil No. 08-00442 SOM-LEK, 2009 WL 291188, at *3 (D. Haw.

Feb. 3, 2009) (finding that review of district court filing notices are clerical and non-compensable); Bandalan v. Castle & Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328, at *5 (D. Haw. June 30, 2009) (clerical tasks include reviewing notices of the date and time for motions hearings and notices of filing deadlines); Black v. City and County of Honolulu, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *12 (D. Haw. Feb. 22, 2010) (deeming clerical tasks such as traveling to court to check for form and filing complaint); Young v. Geico Indem. Co., Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640, at *8 (D. Haw. Sept. 23, 2009) (communications with the court are clerical and not compensable).

The Court makes the following reductions for clerical tasks: Mr. Weissman - 0.5 hours and Mr. Shannon - 0.8 hours.

2. Total Fees

Based on the foregoing, the Court finds that Defendant has established the appropriateness of the following attorneys' fees:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| A. Bernard Bays | 10.5 | $350.00 | $3,675.00 |
| Karin L. Holma | 3.8 | $295.00 | $1,121.00 |
| Matthew C. Shannon | 46.4 | $150.00 | $6,960.00 |
| Joshua O. Weissman | 27.7 | $145.00 | $4,016.50 |
| **TAX (4.712%)** | | | $743.20 |
| **TOTALS** | **88.4** | | **$16,515.70** |

The Court declines to adjust this amount based on the Kerr factors and recommends that the district court award Defendant **$16,515.70** in attorneys' fees.

B.  Costs

In addition to attorneys' fees, Defendant seeks to recover the costs incurred in the present action. Specifically, Defendant requests:

| Copying Costs | $274.50 |
|---|---|
| Courier/Messenger Charges | $30.00[4] |

---

[4] Exhibit E reflects courier/messenger charges in the amount of $22.00. The Court will rely on its calculations.

| Postal Fees | $15.68[5] |
|---|---|
| Filing Fees | $18.00 |
| Title Guaranty Fees | $300.00 |
| Process Servers | $51.31 |

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

In this case, none of the parties have opposed the request for costs. Moreover, Judge Kay has determined that Defendant is entitled to costs under the Jones-Hart Note. This Court's inquiry is therefore

---

[5] Exhibit E reflects postage fees in the amount of $7.26. The Court will rely on its calculations.

limited to whether the requested costs are reasonable.

   1.   <u>Copying Costs</u>

Defendant requests reimbursement for copying costs totaling $274.50. Section 1920(4) of Title 28 of the U.S. Code explicitly provides for the taxation of copying costs and section 1920(3) provides for the taxation of "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3) & (4). Local Rule 54.2(f)(4) sets forth specific requirements that must be met.

> **The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an <u>affidavit describing the documents copied</u>, the number of pages copied, the cost per page, and <u>the use of or intended purpose for the items copied</u>.** The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

Local Rule 54.2(f)(4) (emphases added). Defendant has failed to satisfy the foregoing requirement. Although the copying, printing, and scanning costs are documented in Exhibit E, and Defendant has recalculated

15

the requested costs based on the $0.15 per page limitation imposed by Local Rule 54.2(f)(4), the generic descriptions in the invoices preclude the Court from assessing reasonableness. Indeed, the descriptions merely state "Photocopies, prints, and scans" and note the number of pages copied, printed, or scanned. Moreover, Ms. Holma, in her Declaration, represents that "Jones-Hart has incurred $274.50 for in-house photocopying and printing of 1,830 pages at 15 cents per page. These printing and copying costs were necessarily incurred for this case." Decl. of Karin L. Holma ("Holma Decl.") at ¶ 13. Ms. Holma has not, though required by Local Rule 54.2(f)(4), described the documents copied, or identified the use of or intended purpose for the items copied. As a result, the Court is unable to ascertain whether the requested copying/printing costs were reasonable, and the Court recommends that the district court decline to award $274.50 in copying costs.

   2. <u>Courier/Messenger Charges</u>

Defendant seeks reimbursement in the amount of

$30.00 for courier/messenger charges. However, the invoices (Exhibit E) only contain courier/messenger charges totaling $22.00. Insofar as Defendant has sufficiently demonstrated that she incurred $22.00 in courier/messenger charges, <u>see</u> Mot., Exhibit E, the Court finds that said costs are reasonable, and recommends that the district court award **$22.00** for courier/messenger charges.

    3.  <u>Postal Charges</u>

Defendant requests $15.68 in postal charges, but the invoices indicate that she incurred only $7.26 in postage costs. Accordingly, the Court recommends that the district court award **$7.26** for postal charges.

    4.  <u>Filing Fees</u>

Defendant requests $18.00 in filing fees. Section 1920(1) allows for the taxation of the fees of the clerk and marshal. Indeed, "[f]iling fees are properly recoverable by a prevailing party under § 1920(1)." <u>Buffone v. Rosebud Restaurants, Inc.</u>, No. CIV A 05 C 5551, 2006 WL 3196931, *1 (N.D. Ill. Oct. 31, 2006). The Court therefore recommends that the

district court tax **$18.00** in filing fees.

    5.   <u>Title Guaranty Fees</u>

Defendant seeks reimbursement of $300.00 incurred for a title report from Title Guaranty. Mot., Ex. H. The Court finds that the cost of procuring the report was reasonably and necessarily incurred in connection with the instant litigation. Thus, the Court recommends that the district court award **$300.00** for the cost of obtaining a title report.

    6.   <u>Process Servers</u>

Finally, Defendant requests $51.31 for the service of the Cross-Claim. Section 1920(1) allows for the taxation of the fees of the marshal. <u>See</u> <u>also</u> Local Rule 54.2(f)(1) ("Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."). Defendant submitted an invoice to support her request. Mot., Ex. G. Because fees for the service of process are compensable and Defendant has provided proper documentation to the Court, the Court finds that **$51.31**

is compensable.

   3. Total Taxable Costs

   As discussed above, the Court finds that the following costs were reasonably and necessarily incurred: 1) courier/messenger costs - $22.00;[6] 2) postage - $7.26; 3) filing fee - $18.00; 4) Title Guaranty fees - $300.00; and 5) service fees - $51.31. The Court accordingly recommends that the district court award **$399.61** in costs.

                              CONCLUSION

   Based on the foregoing, this Court FINDS and RECOMMENDS that Defendant Susanna Louisa Jones-Hart's Motion for Attorneys' Fees and Costs, filed January 28, 2011, be GRANTED IN PART AND DENIED IN PART, and that the district court award Plaintiff **$16,515.70** in attorneys' fees and **$399.61** in costs, for a total of **$16,915.31**.

---

   [6] Defendant requests G.E. Tax (4.712%) for the courier/messenger charges, which amounts to $1.04.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 9, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

UNITED STATES OF AMERICA V. GUERETTE, ET AL.; CIVIL NO. 09-00133 ACK-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT SUSANNA LOUISA JONES-HART'S MOTION FOR ATTORNEYS' FEES AND COSTS