IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civ. No. 09-00133 ACK-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KENNETH A. GUERETTE, JR., ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| SUSANNA LOUISA JONES-HART, ) | |
| ) | |
| Cross-claim Plaintiff,) | |
| ) | |
| vs. ) | |
| ) | |
| KENNETH A. GUERETTE, JR., ) | |
| ) | |
| Cross-claim Defendant.) | |
| ) | |

**ORDER ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION REGARDING SUSANNA LOUISA JONES-HART'S MOTION FOR ATTORNEYS' FEES AND COSTS**

BACKGROUND

Because the parties are extensively familiar with the facts and procedural history of this case, the Court will provide only a brief overview of the proceedings most relevant to the current issue before the Court.

On January 27, 2011, the Court issued an order ("1/27/11 Order") finding that Susanna Louisa Jones-Hart was entitled to $64,636.65 on a Mortgage and Note ("Jones-Hart Note")

that Kenneth A. Guerette had executed in Jones-Hart's favor.  The Court also found that Jones-Hart was entitled to reasonable attorneys' fees and costs under the Jones-Hart Note.  1/27/11 Order at 12-13.

On January 31, 2011, Jones-Hart filed a motion for $18,568.58 in attorneys' fees and tax and $708.15 in costs, for a total of $19,276.73.[1/]  On February 9, 2011, Magistrate Judge Chang issued a Findings and Recommendation to Grant in Part and Deny in Part Defendant Susanna Louisa Jones-Hart's Motion for Attorneys' Fees and Costs ("2/9/11 F&R").  The 2/9/11 F&R recommended that this Court award Jones-Hart $16,515.70 in attorneys' fees and $399.61 in costs, for a total of $16,915.31.  2/9/11 F&R at 19.  No party has objected to the 2/9/11 F&R within the time set forth in D. Haw. Local Rule 74.2.

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.  The district court may accept those portions of

---

[1/] Both the United States of America and the Commissioner filed statements of no position as to Jones-Hart's motion for attorneys' fees and costs.  Guerette did not file an opposition to Jones-Hart's motion.

the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate. See D. Haw. Local Rule 7.2(d).

## **DISCUSSION**

Jones-Hart's entitlement to attorneys' fees and costs under the Jones-Hart Note is governed by Hawai'i Revised Statutes ("HRS") § 607-14.[2/] This statute applies to "all actions on a

---

[2/] HRS § 607-14 provides, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall
> (continued...)

3

promissory note or other contract in writing that provides for an attorney's fee," and it directs courts to "tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; <u>provided that this amount shall not exceed twenty-five per cent of the judgment</u>." HRS § 607-14 (emphasis added). Attorneys' fees assessed pursuant to § 607-14 are "assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment." HRS § 607-14.[3]

---

[2](...continued)
submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
　Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed.
　. . .
　The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

[3] As this Court has noted, Hawai'i courts have "grant[ed] attorney's fees to a mortgagee pursuant to a mortgage even if the mortgagee" – like Jones-Hart – "was not the party that instituted the proceedings." <u>United States v. Chung</u>, Civ. No. 07-00570 ACK-BMK, 2010 WL 4176066 at *5 (D. Haw. Oct. 19, 2010) (citing
(continued...)

Here, Jones-Hart has obtained judgment against Guerette in the amount of $64,636.65.  1/27/11 Order at 12.  This amount included interest through February 28, 2011, the date when closing on Guerette's foreclosed property was then scheduled to occur.  The closing date has been continued, however, and Jones-Hart is entitled to an additional $18.69 in per diem interest for each day between February 28, 2011, and the date when the debt underlying the Jones-Hart Note is satisfied.  See id. at 8-9, 12.  Accordingly, pursuant to HRS § 607-14, Jones-Hart is entitled to attorneys' fees totaling no more than twenty-five per cent of the sum of $64,636.65 and the amount of additional per diem interest to which Jones-Hart is entitled.  See Akamine & Sons, Ltd v. Hawaii Nat'l Bank, 54 Haw. 107, 119, 503 P.2d 424, 431 (1973) ("The maximum amount of attorney's fees that can be awarded to Hawaii National Bank under HRS § 607-17 [the predecessor statute to § 607-14] is 25% of the amount owed them." (emphasis added)).

The Court thus modifies the 2/9/11 F&R's recommendation that Jones-Hart be awarded $16,615.70 in attorneys' fees and finds that Jones-Hart is entitled to attorneys' fees of $16,159.16 (twenty-five per cent of $64,636.65), plus $4.67 (twenty-five per cent of $18.69) for each day between February 28, 2011, and the date when the debt underlying the Jones-Hart

---

[3]/(...continued)
Strouss v. Simmons, 66 Haw. 32, 657 P.2d 1004 (1982); Smothers v. Renander, 2 Haw. App. 400, 633 P.2d 556 (Haw. App. 1981)).

Note is satisfied. The Court finds that this amount complies with HRS § 607-14 and is reasonable. The Court adopts the 2/9/11 F&R's recommendation that Jones-Hart be awarded $399.61 in costs under Fed. R. Civ. P. 54 and D. Haw. Local Rule 54.2.

## CONCLUSION

For the foregoing reasons, the Court adopts, as modified, the 2/9/11 F&R. Jones-Hart is hereby awarded attorneys' fees in the amount of $16,159.16, plus $4.67 for each day between February 28, 2011, and the date when the debt underlying the Jones-Hart Note is satisfied, and costs in the amount of $399.61.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, March 1, 2011.

_____
Alan C. Kay
Sr. United States District Judge

United States v. Guerette, et. al., Civ. No. 09-00133 ACK-KSC: Order Adopting, as Modified, the Magistrate Judge's Findings and Recommendation Regarding Susanna Louisa Jones-Hart's Motion for Attorneys' Fees and Costs.